United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROGERS, | No. C 10-0158 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| vs. | |
| JAMES WALKER, Warden, | |
| Respondent. | (Docket Nos. 4 & 5) |

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at the California Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has applied for leave to proceed in forma pauperis.

## STATEMENT

In 2005, a jury in San Francisco County Superior Court convicted petitioner of murder, robbery, assault with a deadly weapon, and burglary. The trial court sentenced him to a term of forty-one years to life in state prison. The California Court of Appeal affirmed the conviction, and the California Supreme Court denied review. A petition for a writ of habeas corpus filed in the California Supreme Court was also denied.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

**B.   LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that (1) the admission of evidence of his prior bad acts violated his right to due process; (2) testimony by a witness that he feared petitioner should not have been admitted at trial; (3) his trial on second-degree murder violated the Double Jeopardy Clause; (4) he received ineffective assistance of trial counsel because counsel failed to adequately preserve an objection to allowing evidence of petitioner's use of a knife; (5) the prosecutor committed misconduct by presenting evidence regarding petitioner's use of a knife and by presenting false testimony by a witness named Marsha Keaton; (6) the trial court's denial of the motion to sever violated his right to due process and "compromised" his Fifth Amendment privilege against self-incrimination; (7) his right to a speedy was violated; (8) the admission of his prior felony convictions to impeach him was erroneous; (9) his right to a jury trial and to a unanimous jury was violated because one of the jurors fell asleep during trial; (10) he received ineffective assistance of trial and appellate counsel in failing to obtain transcripts necessary to substantiate a claim that his speedy trial rights were violated; and (11)

the prosecutor committed misconduct in representing that they were going to conduct DNA testing of certain evidence and then failing to do so.

Petitioner's claims, when liberally construed, are sufficient to require a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order, the order of consolidation dated January 28, 2010, the petition filed in this matter with all attachments, and the petition filed in Case No. C 10-0159 WHA (PR) that has been deemed a supplemental petition in this matter, to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims set forth in the petition and supplemental petition. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Petitioner's application to proceed in forma pauperis (Docket No. 4) is **GRANTED** in light of his lack of funds, and his motion for appointment of counsel (Docket No. 5) is **DENIED** for lack of exceptional circumstances or the need for an evidentiary hearing at this time.

**IT IS SO ORDERED.**

Dated: March  29 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\ROGERS0158.OSC.wpd

4